IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MALIBU MEDIA, LLC,

    *Plaintiff*,

    v.

JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 72.81.222.57,

    *Defendant*.

Civil Action No. ELH-15-01048

## MEMORANDUM OPINION

On April 11, 2015, plaintiff Malibu Media, LLC ("Malibu") filed suit against "John Doe subscriber assigned IP address 72.81.222.57," for violation of the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* ECF 1 at 1. The case involves allegations that a defendant known only by the Internet Protocol ("IP") address of his[1] computer infringed upon plaintiff's copyright. *Id.* ¶ 10. In its Complaint, plaintiff alleged that defendant's Internet Service Provider ("ISP") could provide the identity of the defendant. *Id.* ¶ 11.

Accordingly, on the same day Malibu filed its Complaint, it also filed a "Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference" (ECF 6, "Subpoena Motion"), supported by exhibits and a memorandum of law. ECF 6-1, "Memo." In the Subpoena Motion, Malibu sought to serve defendant's ISP with a subpoena requesting defendant's "name, address, telephone number, and e-mail address." ECF 6-1 at 4. By Order of April 13, 2015, I granted plaintiff's Subpoena Motion. ECF 9.

---

[1] Although John Doe's identity is not yet known to plaintiff or the Court, it appears that John Doe is a male, because documents filed by defendant reference "his attorneys." ECF 11 at 1; ECF 11-1 at 1.

Now pending is defendant's "Motion to Quash Subpoena," pursuant to "Rules 21 and 45(c)(3) of the Federal Rules of Civil Procedure" (ECF 11, "Motion"), supported by a memorandum. ECF 11-1, "Memo." Defendant argues: "The Subpoena issued by the Plaintiff to [defendant's ISP] should be quashed by this Court on the basis that disclosure pursuant to the Subpoena violates the Electronic Communication Privacy Act ('ECPA') codified at 18 U.S.C. §§ 2701-2703 (2011)." ECF 11 at 2. More specifically, defendant asserts: "The use of a Rule 45 subpoena in a civil lawsuit to compel an electronic communication provider to disclose records relating to a subscriber can hardly be considered voluntary and therefore is not in accord with [18 U.S.C.] § 2702." ECF 11-1 at 3. Section 2702 is titled "Voluntary disclosure of customer communications or records." *Id*. at 2-3.

Malibu opposes the Motion. ECF 12 ("Opposition"). It argues that "section 2702(c)(6) of the ECPA expressly permits disclosure of [ISP] subscriber records to non-government entities" (ECF 12 at 2), and that "numerous courts in this District have expressly rejected Defendant's argument and found that Section 2702 of the ECPA permits disclosure of the John Doe Defendant's subscriber information in response to a Rule 45 subpoena." *Id*. at 3 (citing *CineTel Films, Inc. v. Does 1-1,052*, 853 F. Supp. 2d 545, 556 (D. Md. 2012) (Motz, J.); *Patrick Collins, Inc. v. Does 1-11*, AW-11-01776, 2011 WL 5439045, at *4 (D. Md. Nov. 8, 2011); *Patrick Collins, Inc. v. Does 1-22*, AW-11-01772, 2011 WL 5439005, at *5 (D. Md. Nov. 8, 2011)). Defendant has not replied, and the time to do so has now passed. *See* Local Rule 105.2.

No hearing is necessary to decide the Motion. *See* Local Rule 105.6. For the reasons that follow, I will deny the Motion.

Fed. R. Civ. P. 45(d)(3) states that, on "timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  Although defendant does not specify under which part of Rule 45(d) he asks the Court to quash the subpoena, it appears his argument is based on subpart (iii), which prohibits disclosure "of privileged or other protected matter."

Defendant does not explain, and it is not clear to the Court, why his motion is also brought "pursuant" to Fed. R. Civ. P. 21.  *See* ECF 11 at 1.  Rule 21 states in its entirety:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Perhaps defendant believed his reference to Rule 21 would stand as a request to dismiss defendant as a party.  If that was his intent, the request is denied, because defendant has provided no argument whatsoever as to why defendant "John Doe subscriber assigned IP address 2.81.222.57" should be dismissed as a party.

In relevant part, 18 U.S.C. § 2702 states (emphasis added):

§ 2702.  Voluntary disclosure of customer communications or records

(a) Prohibitions.—Except as provided in subsection (b) or (c)—

> (1) *a person or entity providing an electronic communication service to the public* shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service; and

> ***

> (3) *a provider of remote computing service or electronic communication service to the public shall not knowingly divulge a record or other information pertaining to a subscriber* to or customer of such service (not

including the contents of communications covered by paragraph (1) or (2) *to any governmental entity.*

\*\*\*

(c) Exceptions for disclosure of customer records.--*A provider described in subsection (a) may divulge a record or other information pertaining to a subscriber to or customer of such service* (not including the contents of communications covered by subsection (a)(1) or (a)(2))—

\*\*\*

(6) *to any person other than a governmental entity.*

As Malibu correctly asserts, 18 U.S.C. § 2702(c)(6) expressly permits an entity such as defendant's ISP to disclose "a record or other information pertaining to a subscriber" to "any person other than a governmental entity."  And, as also argued by Malibu, other judges in this District have held that § 2702(c)(6) permits an ISP to disclose, via subpoena, the information Malibu requested in this case.  In *CineTel Films, Inc.*, 853 F. Supp. 2d at 555 n.5, for example, Judge Motz said:

> Doe # 469 also asserts a statutory privacy interest, arguing that the subpoena must be quashed because it violates the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2701 et seq. (Doe # 469 Mot. Quash, ECF No. 49).  To support this assertion, Doe # 469 cites only one case, *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606 (E.D. Va. 2008), which differs significantly from the facts in the present case.  The *AOL* case dealt with quashing a subpoena seeking movant's e-mails, not movant's subscriber information.  Doe # 469 also cites § 2702(a)(1) of the ECPA, which provides that "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service."  18 U.S.C. § 2702(a)(1).  While applicable to the e-mail discovery in the *AOL* case, defendant's reliance on this provision to contest the subpoenaed subscriber identification information is misguided.  *See Patrick Collins, Inc. v. Does 1–11*, AW-11-01776, 2011 WL 5439045, at \*4 (D. Md. Nov. 8, 2011) ("[Section 2702(a)(1) ] does not apply in the instant action, where Plaintiff seeks not the contents of a communication in electronic storage but rather Defendants' names, addresses, telephone numbers, e-mail addresses, and Media Access Control addresses.").  Doe # 469 presumably meant to rely on § 2702(a)(3), which discusses restrictions on the disclosure of customer records.

Yet, while § 2702(a)(3) is more applicable, § 2702(c)(6) provides an exception by which an ISP "may divulge a record or other information pertaining to a subscriber or other customer ... to any person other than a government entity."  18 U.S.C. § 2702(c)(6).  Therefore, because plaintiffs are not government entities, disclosure of the subpoenaed identifying information is permitted.  *See Patrick Collins*, 2011 WL 5439045, at *4 (finding defendants' claims of statutory privilege under ECPA unavailing and permitting ISPs to disclose identifying subscriber information); *First Time Videos, LLC v. Does 1–500*, 276 F.R.D. 241, 246–47 (N.D. Ill. 2011) (same).

Similarly, in *Patrick Collins, Inc.*, 2011 WL 5439045, at *4, 1, Judge Williams determined that § 2702(c)(6) permits an ISP to disclose subscriber information sufficient to permit the plaintiff to identify and serve process upon an alleged copyright infringer known only by his or her IP address.  Judge Williams reasoned that the ECPA did not protect the defendant's subscriber information because the plaintiff was not a government entity.  *Id*. at *4.

Nonetheless, as stated, defendant urges this Court to find that his subscriber information is protected by the ECPA because "§ 2702, by its very title, '**Voluntary disclosure** of customer communications or records,' (emphasis added) contemplates that the disclosure be 'voluntary' on the part of the electronic communications provider and not compulsory."  ECF 11-1 at 2-3.  Claiming that a request for information via subpoena "can hardly be considered voluntary," defendant concludes that the ECPA prohibits the disclosure under the circumstances here.  *Id*. at 3.

The remainder of defendant's argument on this point, in its entirety, is as follows, ECF 11-1 at 3:

Precluding compulsory production of subscriber information by electronic communications providers serves several important public policy objectives.  First, it creates an environment where subscribers feel secure using electronic communication services and thereby fosters the development of this important technological sector of our economy.  Second, protecting electronic communications from these types of subpoenas avoids the undue burden and

expense of responding to thousands of subpoena [sic] and combing through millions of electronic records.  For this reason disclosure of Defendant John Doe's identity by [his ISP] pursuant to the Subpoena issued by the Plaintiff violates the privacy protections provided by the ECPA.

Although it is not clear to the Court whether the particular argument defendant advances was made in the cases cited by Malibu (*i.e.*, *CineTel Films, Inc.* or either of the *Patrick Collins, Inc.* cases), I see no reason why I should adopt defendant's novel interpretation of § 2702, rather than holding, as fellow judges in this District have done, that the ECPA does not prevent disclosure of defendant's subscriber information, at least under the circumstances presented here. Notably, as far as I can tell, defendant's ISP itself has not objected to the request.  Nor has the ISP sought a protective order.  *Cf. Site B, LLC v. Does 1-51*, 13-C-5295, 2014 WL 902688, at *4 (N.D. Ill. Mar. 7, 2014) ("Doe 39 also argues that the Comcast subpoena should be quashed because Site B failed to inform Comcast that disclosure of customer records under the ECPA is voluntary.  Doe 39 cites no authority that suggests that this is a requirement under the ECPA, however, and the Court is aware of at least two cases that have declined to quash subpoenas despite their apparent failure to indicate that disclosure was not compulsory.").

Moreover, defendant cites no cases in support of his contention.  He does provide policy rationales, but he does not argue or show that those policies have any relationship to Congressional intent.  I am not persuaded that the mere use of the word "voluntary" in the title of § 2702 stands for the broad protections that defendant invokes.

## Conclusion

For the foregoing reasons, I will deny defendant's Motion (ECF 11).  A separate Order follows, consistent with this Memorandum.

Date: June 30, 2015                          _____/s/_____
                                             Ellen Lipton Hollander
                                             United States District Judge